**UNITED DOMINION INDUSTRIES, INCORPORATED, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 98–2380.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1999.

Decided March 24, 2000.

Decided on Remand Aug. 1, 2001.

Richard Farber, Edward T. Perelmuter, United States Department of Justice, Washington, DC, for Appellant.

Eric R. Fox, Dirk J.J. Suringa, Ivins, Phillips & Barker, Washington, DC, for Appellee.

Before TRAXLER and KING, Circuit Judges, and MARGARET B. SEYMOUR, United States District Judge for the District of South Carolina, sitting by designation.

Remanded by published opinion. Judge KING wrote the opinion, in which Judge TRAXLER and Judge SEYMOUR concurred.

## OPINION

KING, Circuit Judge:

The Government appealed the adverse judgment of the district court, entered on July 22, 1998, directing that the Internal Revenue Service refund to United Dominion Industries, Incorporated, excess income tax payments made ten years prior to the filing of the consolidated returns at issue. These refunds were the result of deductions claimed by United Dominion from "carrying back" millions of dollars in product liability losses sustained by its subsidiaries. We reversed and ordered the matter remanded, holding that such losses were deductible only to the extent they offset income earned by the affected companies individually, rather than by the group as a whole. *See United Dominion Indus., Inc. v. United States,* 208 F.3d 452 (4th Cir.2000).

On November 27, 2000, the Supreme Court granted United Dominion's petition for a writ of certiorari. Thereafter, the Court issued its opinion reversing our judgment and remanding the cause for further proceedings. *See United Dominion Indus., Inc. v. United States,* —— U.S. ——, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001). In so doing, the Supreme Court endorsed the single-entity approach advocated by United Dominion and approved by the district court. We now find ourselves in receipt of the Court's certified judgment.

In conformance with the Supreme Court's decision, we reinstate the original judgment ordering payment of the refunds in the stipulated amount, plus statutory interest. This case is hereby remanded to

194

the district court for further proceedings consistent with this opinion and that of the Supreme Court.

*REMANDED.*